Paul J. Harrington v. Commissioner.
Harrington v. Commissioner
Docket Nos. 45170-45173.
United States Tax Court
T.C. Memo 1954-204; 1954 Tax Ct. Memo LEXIS 33; 13 T.C.M. (CCH) 1074; T.C.M. (RIA) 54310; November 30, 1954, Filed *33 John James O'Toole, Esq., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge: The following table shows the determination of the Commissioner with respect to the taxes of the petitioner: Addition
Additions
Additions
Income
under
under
under
Tax
section
section
section
Year
deficiency
293(a)
293(b)
294(d)(2)
1945
$ 2,072.35
$1,036.18
$125.47
1946
13,109.52
6,554.76
786.57
1947
8,847.28
4,423.60
530.83
1948
746.03
$37.30
44.76
These cases were called for trial in Buffalo, New York, on September 27, 1954, after due notice to the parties. There was no appearance for the petitioner. Thereupon the Commissioner introduced evidence to show that a part of the deficiency for each of the years 1945, 1946 and 1947 was due to fraud with intent to evade tax, as to which the burden of proof was imposed upon him by statute. No evidence has been introduced on behalf of the petitioner and, therefore, the proceedings are dismissed for failure properly to prosecute as to all issues upon which the petitioner has the burden of proof. The effect of that dismissal is to sustain the deficiencies for each *34 year as determined by the Commissioner and also to sustain the additions to the tax imposed under sections 294(d)(2) and 293(a). This leaves as the only issue for decision whether a part of the deficiency for each of the years 1945, 1946 and 1947 is due to fraud with intent to evade tax. The petitioner filed an individual income tax return for each of the calendar years 1945 through 1948 with the collector of internal revenue for the twenty-first district of New York. He was engaged in the used-car business in Binghamton, New York, during the taxable years. It is hereby found as a fact from all of the evidence that a part of the deficiency for each of the years 1945, 1946 and 1947 was due to fraud with intent to evade tax. Decisions will be entered for the respondent.